

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00231-CR
No. 07-25-00232-CR

**JOSUE PENA, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 084005-D-CR & 087049-D-CR, Honorable Steven Denny, Presiding

January 28, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

On August 9, 2024, Appellant, Josue Pena, as part of a plea bargain agreement, entered a guilty plea to the second-degree felony offense of online solicitation of a minor.[1] The trial court accepted the plea bargain, deferred a finding of guilt, and placed Appellant on deferred adjudication community supervision for a period of five years and assessed a $1,000 fine. In March of 2025, the State filed a motion to proceed with adjudication of

---

[1] *See* TEX. PENAL CODE § 33.021(c), (f).

guilt.[2]  The State alleged Appellant failed to comply with multiple conditions of his community supervision order.  One alleged violation, failure to register as a sex offender, was also charged in a separate proceeding.[3]  Without a plea bargain agreement, Appellant pleaded "true" to the allegations in the motion and "guilty" to the charge in the new case.  After presentation of evidence, the trial court found Appellant guilty of failure to register and sentenced him to eighteen months' incarceration and a $10,000 fine (trial court cause no. 087049-D-CR, appellate cause no. 07-25-00232-CR).  The trial court also found the allegations of violations to be true, adjudicated Appellant guilty of online solicitation of a minor, and sentenced him to eighteen years' imprisonment and a $10,000 fine (trial court cause no. 084005-D-CR, appellate cause no. 07-25-00231-CR).  Appellant timely appealed from both judgments.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[4] brief.  We grant counsel's motion and affirm the judgments as modified herein.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record, and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant,

---

[2] The State subsequently filed an amended motion to proceed to adjudication in July of 2025.

[3] *See* TEX. CODE CRIM. PROC. art. 62.102(a), (b)(1).

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a response. The State filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

However, in his *Anders* brief, counsel does identify that the evidence is insufficient to support the judgments' assessment of fees and costs against Appellant. The State concedes that any assessment of attorney's fees in these cases is inappropriate; the $15 time payment fee is premature; and, since two causes were heard together, only costs pertaining to one conviction should have been assessed. However, the State challenges Appellant's contention that all costs and fees should be deleted. The State contends that the county and state consolidated court costs and sheriff's reimbursement fees are appropriately assessed. We agree with the State's concessions regarding the

3

assessment of attorney's fees, *Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010); time payment fee, *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); and duplicate assessment of fees and costs, *Pruitt v. State*, 646 S.W.3d 879, 883–84 (Tex. App.—Amarillo 2022, no pet.) (mem. op.).

We modify the judgments to delete the entire bill of costs in the failure to register case (07-25-00232-CR), the $15 time payment fee and $1,600 in attorney's fees in the online solicitation case (07-25-00231-CR), and the findings in both judgments that Appellant has the financial resources to offset in part or in whole the cost of the legal services provided to him. We affirm the trial court's judgments as modified and grant counsel's motion to withdraw.[5]  *See* TEX. R. APP. P. 43.2(b).

Judy C. Parker
Chief Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.